# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DANNY McCADNEY                                        CIVIL DOCKET NO.

VERSUS                                                   13-824-SDD-RLB

LOUIS HAMILTON

## RULING

Before the Court is the Defendant's *Motion to Dismiss Pursuant to FRCP Rules 12(b)(6) and 12(b)(1)*[1]. Plaintiff has filed a *Memorandum in Opposition*[2].

## I.    PLAINTIFF'S ALLEGATIONS AND CLAIMS

The Plaintiff, Danny McCadney, is an inmate at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He alleges that on or about July 15, 2013 he was subjected to cruel and unusual punishment at the hands of a correctional officer, Defendant Sgt. Louis Hamilton. Plaintiff alleges that as he "began to exit the cell, Sgt. Hamilton kicked the door closed and the cell door struck [Plaintiff] on his left shoulder and slammed his head between the door and door frame rendering [him] unconscious".[3] The Plaintiff alleges that the "use of force was unnecessary and excessive" and "it was not objectively reasonable to use force on an inmate who was restrained and not resisting".[4]

Plaintiff brings a claim under 42 USC § 1983 for violation of his "Eighth Amendment Right to be free from cruel and unusual punishment".[5] Plaintiff also asserts State Law negligence claims.

---

[1] Rec. Doc. 12.
[2] Rec. Doc. 13.
[3] Rec. Doc. 1, ¶9.
[4] *Id.* ¶s15 and 21.
[5] *Id.* ¶25. Plaintiff also claims a violation of the Fourth Amendment but there are no facts pled which support a Fourth Amendment claim.

## II.     LAW AND ARGUMENT

### A. Subject Matter Jurisdiction

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In evaluating subject matter jurisdiction, the Court accepts all uncontroverted factual allegations as true, viewing the *Complaint* as a whole.

This Court is vested with jurisdiction pursuant to 28 USC 1331. The Plaintiff has pled a colorable claim "arising under" the Constitution or laws of the United States. Accordingly, the Defendant's *Motion to Dismiss*[6] for lack of subject matter jurisdiction is denied.

### B. Eleventh Amendment Immunity

Defendant contends that Plaintiff's claims against Defendant Hamilton are "in reality a suit against the State" and, therefore, the Eleventh Amendment Immunity shield applies.

While it is true that State officials acting in their official capacities are not considered "persons" subject to liability under 42 USC 1983, State officials sued in their individual capacities are "persons" for purposes of 1983 liability and are subject to suit in Federal Court.[7] While official capacity suits are treated as suits against the State and, therefore, subject to Eleventh Amendment immunity, personal capacity suits "seek to impose individual liability upon a government officer for actions taken under color of State law."[8]

---

[6] Rec. Doc. 12.
[7] *Hayfer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).
[8] *Id.* at 26, 112 S.Ct. at 362.

In this case, the Plaintiff pleads that the Defendant, Sgt. Hamilton, was an employee of the Department of Corrections in the course and scope of his employment and acting under color of state law when he allegedly used excessive force on the Plaintiff. "Congress enacted 42 USC 1983 'to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it'."[9] The allegations of the Plaintiff's *Complaint* plead that, acting under color of State law, the Defendant, Louis Hamilton, allegedly subjected the Plaintiff, Danny McCadney, to cruel and unusual punishment – a Constitutional violation made actionable against individual actors by 42 USC 1983. Accordingly, the Defendant's *Motion to Dismiss*[10] on the grounds of Eleventh Amendment immunity is denied.

### C. Failure to State a Claim

Defendant argues that the Plaintiff's allegations arise under State tort law and fail to state a claim under Federal law. As previously set forth, the factual allegations of the Plaintiff's *Complaint* allege Constitutional deprivation and liability under 42 USC 1983. The Plaintiff also brings claims under Louisiana tort law over which this Court may exercise supplemental jurisdiction. 28 USC Section 1367 provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution". For the reasons outlined above, this Court has primary jurisdiction over the Plaintiff's civil rights claims brought pursuant to 42 USC 1983. In order to be part of "the same case or controversy" the

---

[9] *Id.* at 27, 112 S.Ct. at 363 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 243 94 S.Ct. 1963, 40 L.Ed.2d 90 (1974), and *Monroe v. Pape*, 365 U.S. 167, 171-172, 365 U.S. 167, 5 L.Ed.2d 492 (1961).
[10] Rec. Doc. 12.

State law claims "must derive from a common nucleus of operative facts" such that a Plaintiff would "ordinarily be expected to try them in one judicial proceeding".[11]

Considering the allegations of the Plaintiff's *Complaint*, the Plaintiff alleges State law claims which arise out of the same operative facts as the Plaintiff's 42 USC 1983 claim. Accordingly, the Court declines to dismiss supplemental jurisdiction over the Plaintiff's State Law claims.

## III. CONCLUSION

For the foregoing reasons, the Defendant's *Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6)*[12] are DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>July 30, 2014</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[11] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
[12] Rec. Doc. 12.