## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DANNY McCADNEY**

**CIVIL ACTION**

**VERSUS**

**No. 13-824-JWD-RLB**

**LOUIS HAMILTON**

## RULING AND ORDER ON MOTIONS IN LIMINE

Before the Court are two motions in limine with supporting memoranda. One is by Plaintiff Danny McCadney (Docs. 52 and 52-1), and the other is by Defendant Sgt. Louis Hamilton (Docs. 53, 53-1, 58 and 63-1). Defendant did not file a separate opposition to Plaintiff's motion but rather included his argument in opposition as a part of his own motion. (Doc. 63-1, pp. 5-7). Plaintiff has filed oppositions to Defendant's motion. (Docs. 57 and 68). In addition Plaintiff has filed a motion asking for leave to substitute a witness on his pretrial order (Doc. 97), which is opposed (Doc. 99). Having carefully considered the motions, memoranda and arguments of counsel, the Court makes the following rulings:

### A. Plaintiff's Motion in Limine to Suppress Testimony and Evidence (Doc. 52)

Plaintiff seeks to exclude (1) the nature of Plaintiff's convictions or arrest that did not lead to a conviction; (2) any disciplinary action taken against Plaintiff at any time; (3) any fights that Plaintiff may have been involved in, including specifically Defense Exhibit 10, a report of a fight which occurred on 7/21/13; (4) any reference to the criminal records or convictions of any inmate witnesses; (5) disciplinary "or other" reports, including Defense Exhibits 2, 3, and 4; (6) testimony from Capt. Terry Mayeaux, Col. Allen Verret, Lt. James Wright and Captain Keith Robinson regarding the facts of the incident in question; (7) testimony from EMT Elizabeth Gautreaux, paramedic Barbara Tate, Nurse Practitioner Michael Mino, EMT Adrian Almodovar

and Dr. Jonathan Roundtree "regarding whether the injuries indicate use of excessive force or whether the injuries suggest use of excessive force or speculation regarding the injury causing event; and (8) Exhibit 5, the written statement of EMS Elizabeth Gautreaux.

Items (1), (2), (3), (5) and (6) were ruled on after hearing argument of counsel at the Status Conference of May 6, 2015, and the rulings are reflected in the Court's Minute Entry of that day. (Doc. 96). The Court now considers items (4), (7), and (8).

Plaintiff failed to provide any evidence concerning the nature or date of the convictions of the inmate witnesses. Accordingly, because the Court cannot render a decision on item (4) based on the current record, the Court will defer ruling on this issue until trial.

Concerning item (7), Plaintiff moves to exclude the testimony from EMT Elizabeth Gautreaux, paramedic Barbara Tate, Nurse Practitioner Michael Mino, EMT Adrian Almodovar and Dr. Jonathan Roundtree "regarding whether the injuries indicate use of excessive force or whether the injuries suggest use of excessive force or speculation regarding the injury causing event." (Doc. 52, pp. 1-2). None of the witnesses will be permitted to opine as to whether the Plaintiff was subjected to "excessive force." This is a question for the jury to decide and is not a proper question for an expert. *See Snap-Drape, Inc. v. C.I.R.*, 98 F.2d 194, 198 (5th Cir. 1996); *Owen v. Kerr McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Fobbs v. Davis*, No. 3:11-CV-00700, 2015 WL 3682375, at *1-2 (M.D. La. June 12, 2015). However, these witnesses will be allowed to testify as to facts within their knowledge and render other expert opinions within their areas of expertise. Whether a given opinion falls within or outside the expert's expertise will be decided at the time the question is asked and objection lodged.

Finally, as to Defendant's Exhibit 5, the written statement of Elizabeth Gautreaux, Plaintiff argues that it is inadmissible hearsay but has not clearly identified the document about

which he complains. Based on argument of Defendant and the Court's review of the documents attached to Plaintiff's motion, the Court concludes that it is Doc. 57-2, p.5. This document forms a part of the Plaintiff's medical records and is an exception to the hearsay rule. Fed. R. Evid. 803(3) and 803(4). Therefore, this part of Plaintiff's motion is denied.

### B. Defendant's Motion in Limine to Exclude/Strike Plaintiff's Witnesses (Doc. 53)

First, Defendant moves to exclude the expected testimony of Plaintiff and nineteen witnesses regarding Defendant's alleged prior acts, incidents, complaints unrelated to the incident sued upon and "any alleged 'habit' of [Defendant] slamming [] doors and almost hitting [] offenders." [Doc. 53, pp.1- 2]. This matter was taken up at the time of the Pretrial Conference on March 20, 2015, and at a subsequent status conference on May 6, 2015. After hearing argument of counsel, the Court ordered that both parties reduce the number of witnesses to be called on the issue of liability to four per side and four per side on the issue of damages. (Doc. 65). After hearing further argument at the status conference, the Court deferred ruling and Plaintiff was ordered to "file a brief description of what each witness listed in the motion may say so that the Court can make a preliminary ruling. Further, should the Defendant want to take the deposition of any of the witnesses listed in the motion, Defendant may do so." (Doc. 96, p. 1).

On May 26, 2015, Plaintiff filed a Motion for Leave of Court to File Memorandum in Response to Minute Entry Describing Witness Testimony and to Substitute Trial Witness (Doc. 97). That portion of Plaintiff's motion requesting leave to file the memorandum is hereby granted.

In that Memorandum (Doc. 97-1), Plaintiff described the expected testimony of five liability witnesses (Mazen Hamden, Antonion Tyson, Eric Francis, Darrion Williams and

Richard Everett Elliott). (Doc. 97-2, pp. 2-3). The descriptions given by Plaintiff do not include any testimony regarding any prior incidents or any alleged habit of Defendant to engage in the kind of conduct which gave rise to the present suit.

However, in Plaintiff's Revised Pretrial Order filed on May 29, 2015, the description of the testimony of the Plaintiff plus five fact witnesses all reference testimony as to Defendant's habit of "kicking doors closed with his feet." (Doc. 101, pp. 6-8). These descriptions are conclusory, provide no detail as to this alleged habit, and are an inadequate basis upon which the Court can rule. Therefore, Defendant's motion is granted, but Plaintiff will be given leave at trial to present any factual predicate for this testimony outside the presence of the jury and subject to cross examination outside the presence of the jury in order for the Court to rule whether the alleged conduct constitutes a habit. Counsel for Plaintiff will make no remarks in front of the jury as to any such alleged conduct unless and until the Court permits same.

Defendant moves to strike the testimony of Plaintiff's brother Brian McCadney because he was not a witness to the incident in question. (Doc.53, p. 2). Plaintiff responds that this witness will testify regarding damages and specifically, Plaintiff's condition before and after the event. (Doc.57, p. 2). Assuming this witness was in a position to make these observations, the testimony is relevant and admissible, and, therefore, this portion of Defendant's motion is denied.

Defendant moves to strike nineteen witnesses who, Defendant argues, Plaintiff failed to disclose pursuant to Fed. R. Civ. P. 26(a)(1). (Doc. 53, p. 2). Plaintiff responds that these witnesses were initially disclosed and that Defendant has suffered no prejudice. The Court continued the trial of this case until August 5, 2015 and ordered the parties to submit a revised pretrial order with a meaningful description of each witness' testimony. (Doc. 96, p. 1-2).

Further, Defendant was given leave to depose the witnesses listed in the Pretrial Order. Accordingly, the Court feels that the alleged failure to reveal these witnesses in an initial disclosure has not resulted in prejudice to the Defendant, and this portion of the motion is denied.

### C. Plaintiff's Motion to Substitute Witness (Doc. 97)

In his Motion for Leave of Court to File Memorandum in Response to Minute Entry Describing Witness Testimony and to Substitute Trial Witness (Doc. 97), Plaintiff argues that "since the trial date in this matter was continued, Mr. Mazden Hamden [one of Plaintiff's listed witnesses] was released [and] Plaintiff is attempting to find him." (Doc. 97, p. 1). Plaintiff therefore moves to substitute another witness in Hamden's place in the event Hamden cannot be found, namely Richard Everett Ellery.

In his opposing brief (Doc. 99), Defendant counters that Hamden was released before the trial date was continued and that Plaintiff certainly should have known this, and therefore, there is no reason to allow the substitution of witnesses at this late date. Defendant also argues the witness Plaintiff seeks to substitute is not Richard Everett Ellery but Ellery Richard, and, based on prison documents, he could not have witnessed the event in question. (Doc. 99, p. 3). Finally, Defendant argues that Richard was not disclosed as a witness prior to the end of discovery and to allow the substitution would prejudice Defendant. (Doc. 99, pp. 4-5). The Court agrees with Defendant, and Plaintiff's motion is denied.

### D. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion in Limine (Doc. 52) is **GRANTED IN PART** and **DENIED IN PART** in that:

(1) Defendant shall be prohibited from introducing evidence as to the Plaintiff's arrest and conviction;

(2) The Court will exclude the disciplinary action reports referenced in the Plaintiff's motion;

(3) The Unusual Occurrence Report listed as Exhibit 10 is excluded. However, the author of the Unusual Occurrence Report can testify as to his observations and as to any admissions made by the Plaintiff, but he cannot testify as to inadmissible hearsay. The Court will rule on other evidence concerning the alleged fight as it arises at trial;

(4) The Court defers ruling on whether to admit any reference to the criminal records or convictions of any inmate witnesses until evidence of the nature and timing of their convictions is presented at trial;

(5) The motion is denied in so much as Capt. Terry Mayeaux, Col. Allen Verret, Lt. James Wright and Captain Keith Robinson can testify as to what was observed by them and as to any admission of the Plaintiff but not as to inadmissible hearsay. The Court will rule on specific issues as they arise at trial;

(6) EMT Elizabeth Gautreaux, paramedic Barbara Tate, Nurse Practitioner Michael Mino, EMT Adrian Almodovar and Dr. Jonathan Roundtree will not be permitted to opine as to whether Plaintiff was subjected to "excessive force," but they will be allowed to testify as to facts within their knowledge and to render other expert opinions within their areas of expertise. Whether a given opinion falls within or outside the expert's expertise will be decided at the time the question is asked and objection lodged; and

(7) Defendant's Exhibit 5 is admissible;

**IT IS FURTHER ORDERED** that the Plaintiff and Defendant shall be limited to four witnesses per side on the issue of liability and four per side on the issue of damages;

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude/Strike Plaintiff's Witnesses (Doc. 53) is **GRANTED IN PART** and **DENIED IN PART**:

(1) Defendant's motion is **GRANTED** in that the Plaintiff's factual witnesses on the issue of liability cannot testify as to the Defendant's alleged prior acts, incidents, complaints unrelated to the incident sued upon and any alleged "habit" of Defendant slamming doors and almost hitting offenders. However, Plaintiff will be given leave at trial to present any factual predicate for this testimony outside the presence of the jury and subject to cross examination outside the presence of the jury in order for the Court to rule whether the alleged conduct constitutes a habit. Counsel for Plaintiff will make no remarks in front of the jury as to any such alleged conduct unless and until the Court permits same; and

(2) In all other respects, Defendant's motion is **DENIED**; and

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave of Court to File Memorandum in Response to Minute Entry Describing Witness Testimony and to Substitute Trial Witness (Doc. 97) is **GRANTED IN PART** and **DENIED IN PART**:

(1) Plaintiff's motion is **GRANTED** in that he has leave to file the memorandum; and

(2) In all other respects, Plaintiff's motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 26, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**